1   Robert A. Mittelstaedt (60359)
    Jason McDonell (115084)
2   Brian D. McDonald (224201)
    JONES DAY
3   555 California Street, 26th Floor
    San Francisco, CA  94104
4   Telephone:     (415) 626-3939
    Facsimile:     (415) 875-5700
5   E-mail:        ramittelstaedt@jonesday.com

6   Shay Dvoretzky (*Admitted Pro Hac Vice*)
    JONES DAY
7   51 Louisiana Avenue, N.W.
    Washington, D.C.  20001.2113
8   Telephone:     (202) 879-3939
    Facsimile:     (202) 626-1700
9   E-mail:        sdvoretzky@jonesday.com

10  Attorneys for Defendant
    JONES DAY

11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14

15  **ALLAN B. DIAMOND, Chapter 11**        **CASE NO. 3:14-cv-04889-JD**
    **Trustee for Howrey LLP,**
16                                          **Chapter 11**

17       **Plaintiff,**                     **Adv. Proc. No. 13-03093**

18  **v.**                                  **JONES DAY'S SUPPLEMENTAL BRIEF**
                                            **IN SUPPORT OF MOTION FOR LEAVE**
19  **JONES DAY,**                          **TO APPEAL**

20       **Defendant.**

21                                          **Date:        TBD**
                                            **Time:        TBD**
22                                          **Judge:       Hon. James Donato**

23

24

25

26

27

28

On November 14, 2014, Judge Montali certified this case for direct appeal to the Ninth Circuit, as he stated he would do in his November 3, 2014 letter accompanying transmittal of the Bankruptcy Court docket to this Court.  (*Howrey LLP v. Jones Day*, No. 13-03093, ECF 64 (attached as "Exhibit A").)  *See* 28 U.S.C. § 158(d)(2)(A); Fed. R. Bankr. P. 8001(f).  Pursuant to this Court's Order Granting Jones Day's Motion for Administrative Relief (ECF 6), Jones Day respectfully submits this supplemental brief to clarify the procedural relationship between certification for direct appeal and Jones Day's pending motion for leave to appeal to this Court (ECF 1 at 16-18).  Jones Day is authorized to represent the views of the seven law firm defendants in the related proceedings (ECF 5) who have also filed motions for leave to appeal from the Bankruptcy Court's decision.

Jones Day's motion for leave to appeal sets forth the reasons why this Court should grant interlocutory review (ECF 1 at 36-58).  The Trustee's opposition to that motion fails to explain how years of discovery and motions practice in the Bankruptcy Court would affect the threshold legal question that Jones Day has asked this Court to decide (ECF 1 at 64-88).  Indeed, the decisions by both Judge Breyer and the New York Court of Appeals in the Heller and Coudert bankruptcy proceedings turn largely, if not entirely, on pure questions of law.  *See Heller Ehrman LLP v. Jones Day*, -- B.R. --, 2014 WL 2609743 (N.D. Cal. Jun. 11, 2014); *In re Thelen LLP*, -- N.E.3d --, 2014 WL 2931526 (N.Y. Jul. 1, 2014).[1]

Although there is no procedure for a bankruptcy court to certify a case for interlocutory appeal to the district court, *see* § 158(d), Judge Montali's conclusion that this case satisfies the standards for direct review by the Ninth Circuit further supports Jones Day's position that this Court's immediate review is warranted.  Indeed, Judge Montali stated that there is no controlling decision of the U.S. Supreme Court or Ninth Circuit addressing the legal question, and emphasized that "the matter is of significant public importance to the legal community." (*Howrey LLP v. Jones Day*, No. 13-03093, ECF 63 (attached as "Exhibit B") at 7.)  *Compare* §

---

[1] The New York Court of Appeals issued a single opinion addressing the identical certified questions arising from the Thelen and Coudert bankruptcy proceedings.

158(d)(A)(i), *with* 28 U.S.C. § 1292(b) (interlocutory review warranted where the "order involves a controlling question of law as to which there is substantial ground for difference of opinion"). He further acknowledged that other courts—contrary to the Bankruptcy Court's conclusion in this case—have rejected claims based on the legal theories that the Trustee asserts here. (*Howrey LLP v. Jones Day*, No. 13-03093, ECF 63 at 8-9.)  *Compare* § 158(d)(2)(A)(ii), *with* § 1292(b). Finally, Judge Montali stated that "an immediate disposition of this question will clearly 'advance the progress of the case'" because "[i]f the direct appeal is taken and decided favorably for the [defendants], the litigation will come to an end without the parties having to engage in what no doubt will be very expensive and time consuming discovery and other pre-trial activity and the subsequent trials, judgments and appeals." (*Howrey LLP v. Jones Day*, No. 13-03093, ECF 63 at 9 (quoting § 158(d)(2)(A)(iii)).)  *Compare* § 158(d)(2)(A)(iii), *with* § 1292(b) (interlocutory review warranted where "an immediate appeal from the order may materially advance the ultimate termination of the litigation").[2]

Against this backdrop, interlocutory appeal is plainly warranted, and the only question is which court should review this case now.  Jones Day satisfies the statutory criteria for an appeal in both this Court and the Ninth Circuit.  *See* § 158(a)(3); § 158(d)(2)(A); § 1292(b).  But, as a practical matter, given that interlocutory review of a bankruptcy court decision by the Ninth Circuit is discretionary and rare, this Court should not deny Jones Day's motion for leave to appeal on the assumption that the Ninth Circuit will accept jurisdiction.  That would create the potential for the worst possible outcome—that neither court will accept the appeal, and the parties and the Bankruptcy Court will be sentenced to years of expensive discovery, contrary to the interests of that court and the parties.

---

[2] The Bankruptcy Court's decision to certify this case for direct appeal does not affect or undermine this Court's authority to grant the motion for interlocutory appeal.  The Bankruptcy Court's authority to certify the matter for direct appeal is merely a function of Rule 8001(f)(2) of the Federal Rules of Bankruptcy Procedure, which resolves the confusion that may result when multiple requests for appeal are pending in different courts by drawing a bright line based on whether or not the District Court has accepted jurisdiction.

1    Jones Day also respectfully submits that this Court should not defer decision on Jones

2    Day's pending motion until the Ninth Circuit rules on a petition for permission to appeal.  Jones

3    Day has until December 15, 2014 to file a petition for permission to appeal.  *See* Fed. R. Bankr. P.

4    8001(f)(5).  After that, the Trustee will have 10 days to file an answer in opposition or a cross-

5    petition. Fed. R. App. P. 5(b)(2).  By that point, the December 15, 2014 status conference in the

6    Bankruptcy Court will have come and gone, and the Bankruptcy Court may have opted to

7    proceed with discovery.  Thus, direct review by this Court will relieve the parties and the

8    Bankruptcy Court of burden and expense in a way that Ninth Circuit review likely will not.

9    In addition, depending on this Court's schedule, it may be able to rule on the merits of the

10   case considerably faster than the Ninth Circuit.  *See, e.g.*, *Heller Ehrman LLP*, 2014 WL 2609743

11   (reversing the Bankruptcy Court's decision two months after withdrawing the reference following

12   simultaneous briefing on the merits by the parties and a hearing).  Even if the Ninth Circuit

13   accepts jurisdiction, the case will likely take more than a year to resolve.  *See*

14   http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2013/appendices/B04Sep13.pdf

15   (average of 13.3 months between notice of appeal or docket date and last opinion or final order).

16   Moreover, under these circumstances, the Ninth Circuit would benefit from a decision by this

17   Court first.

18   For all of these reasons, Jones Day respectfully requests that this Court grant its motion

19   for leave to appeal.  If, however, this Court has any doubts regarding the propriety of an

20   interlocutory appeal or the relationship between the two potential paths on appeal, Jones Day

21   would be happy to participate in a conference or hearing to answer the Court's questions.

22

23   Dated: November 14, 2014                          JONES DAY

24

25                                                     By:    /s/ Jason McDonell
                                                              Jason McDonell

26                                                     Attorneys for Defendant

27                                                     JONES DAY

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that this 14th day of November 2014, I caused a true and correct copy of the foregoing Supplemental Brief in Support of Motion for Leave to Appeal to be filed electronically with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

/s/ Jason McDonell
Jason McDonell

Jones Day's Supplemental Brief in Support of
Motion for Leave to Appeal