**DIAMOND MCCARTHY LLP**
Andrew B. Ryan, Esq. (*pro hac vice*)
James D. Sheppard, Esq. (*pro hac vice*)
1201 Elm Street, 34th Floor
Dallas, TX 75270
Telephone: 214-389-5300
Facsimile: 214-389-5399
aryan@diamondmccarthy.com
jsheppard@diamondmccarthy.com
*Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669
*Local Counsel for Allan B. Diamond,*
*Chapter 11 Trustee for Howrey LLP*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN B. DIAMOND, Chapter 11 Trustee for Howrey LLP,.<br><br>Plaintiffs,<br>v.<br><br>JONES DAY,<br><br>Defendant. | CASE NO. 3:14-cv-04889-JD<br><br>**Chapter 11**<br><br>Adv. Proc. No. 13-03093<br><br>**CHAPTER 11 TRUSTEES SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR LEAVE TO APPEAL** |

Allan B. Diamond, the chapter 11 trustee ("Trustee") of Howrey LLP ("Howrey") files the following brief regarding the interrelationship of the Motion for Leave for Interlocutory Appeal (the "Motion for Leave") filed by the Law Firm Defendants ("Defendants") and the Hon. Dennis J. Montali's Memorandum Regarding Certification for Direct Appeal to Court of Appeals (the "Certification").

Both the Motion for Leave and the Certification concern the validity of the Unfinished Business rule under the law of the District of Columbia. The Trustee contends, and the Bankruptcy Court agrees, that D.C. law is straightforward and settled in favor of the Trustee. *In*

*re Howrey LLP*, No. AP 13-3095DM, 2014 WL 507511, at *3 (Bankr. N.D. Cal. Feb. 7, 2014) ("Here, with the District of Columbia Court of Appeals having issued two significant decisions, and the United States District Court for the District of Columbia having issued another, this court's task is straightforward and the result is settled, notwithstanding defendants' argument to the contrary."); *In re Howrey LLP*, 515 B.R. 624, 628 (Bankr. N.D. Cal. 2014) ("Notwithstanding the interpretation of California law in the Heller USDC Decision and the change in New York law by the *Thelen* decision, no party has cited, and the court has not found, any change in the law of the District of Columbia since the First MTD Decision. Therefore, the court will adhere to District of Columbia law as set forth in that decision."). Defendants disagree, and have stated repeatedly that it is their intention to appeal the Unfinished Business rule as far as possible – including to the Ninth Circuit and, if permitted, the D.C. Court of Appeals. As set forth below, the Trustee believes that, in addition to the reasons stated in the opposition, the Certification therefore presents two additional reasons for the District Court to deny the Motion for Leave.

<u>First</u>, it is illogical and wasteful to have two courts – this Court and the Ninth Circuit – decide the same issue simultaneously, especially where the Ninth Circuit would review this Court's decision de novo. *See, e.g.*, *In re Ransom*, 380 B.R. 809, 811 (9th Cir. B.A.P. 2007) ("[C]ourts of appeal review bankruptcy court decisions de novo, without regard to intervening decisions of district courts…"); *accord Sigma Micro Corp. v. Healthcentral.com* (*In re Healthcentral.com*), 504 F.3d 775, 783 (9th Cir. 2007). If this Court reaches the merits and rules for one side first, but the Ninth Circuit reaches the merits and rules for the other later, this Court's decision will be overturned and moot. Conversely, if the Ninth Circuit resolves the Certification before this Court decides the merits of Defendants' appeal, this Court will be bound by the Ninth Circuit's decision. Likewise, if the Ninth Circuit denies Certification because D.C.

552002.1                                    2

law is straightforward and settled, this Court's decision on the Motion for Leave may be called into question, as Defendants' argument for leave is predicated on supposed uncertainty in D.C. law. This Court is therefore best-served by denying the Motion for Leave and allowing the Ninth Circuit to decide the Certification.

Indeed, if district courts routinely granted leave to appeal after the bankruptcy courts certified direct appeals to circuit courts, there would be little point to FED. R. BANKR. P. 8001(f)(2), which "adopts a bright-line test for identifying the court in which a matter is pending." *See* Adv. Cmte. Notes to FED. R. BANKR. P. 8001. This bright-line test makes clear that as long as the district court has not granted leave to appeal, the bankruptcy court may urge bypassing the district court by certifying an issue for direct appeal. *Id*. If, as Defendants contend, district courts should grant motions for leave after bankruptcy courts issued their certifications, bankruptcy courts would be deprived of their statutory authority to ask for a higher level of review.

<u>Second</u>, it will consume significant and valuable judicial resources for this Court to decide an appeal, if any, that follows the Motion for Leave. As an initial matter, there is the additional appellate process that would take place in this Court before the matter could reach the Ninth Circuit – where, Defendants claim, it will end up inevitably, regardless of the outcome of the Motion for Leave. Moreover, if D.C. law is unsettled (which the Trustee disputes), any controlling state law question would need to be resolved by the D.C. Court of Appeals, which cannot accept certified questions from this Court, but can from the Ninth Circuit. *See* D.C. CODE § 11-723(a); *accord In re Howrey LLP*, 2014 WL 507511, at *3 ("The District of Columbia Court of Appeals may answer questions of law certified to it by the Supreme Court of the United States, a court of appeals of the United States, or the highest appellate court of any state, if there are involved in any proceeding before any such certifying court questions of D.C. law which

may be determinative of the cause pending in such certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the District of Columbia Court of Appeals."). The Certification therefore presents the shortest route to resolution of any state law issues, assuming the federal courts disagree with the Trustee and believe additional clarification by the D.C. Court of Appeals is required.[1]

For these reasons, as well as those stated in his opposition, the Trustee requests this Court deny Defendants' Motion for Leave.

Dated: November 14, 2014

Respectfully submitted,

    /s/ *Andrew B. Ryan*
Andrew B. Ryan (*pro hac vice*)
**DIAMOND MCCARTHY LLP**
1201 Elm Street, 34th Floor
Dallas, TX 75270
Telephone: 214-389-5300
Facsimile: 214-389-5399
aryan@diamondmccarthy.com

**KORNFIELD, NYBERG, BENDES & KUHNER, P.C.**
Eric A. Nyberg, Esq. (Bar No. 131105)
Chris D. Kuhner, Esq. (Bar No. 173291)
1970 Broadway, Suite 225
Oakland, CA 94612
Telephone: 510-763-1000
Facsimile: 510-273-8669

---

[1] The Trustee notes, however, that D.C. law appears very strict on whether a federal court may certify an interlocutory appeal to the D.C. Court of Appeals. *See, e.g.*, *Georgetown Univ. v. Sportec Int'l, Inc.*, 572 A.2d 119, 122 (D.C. 1990) (in an interlocutory appeal the D.C. Circuit certified after an interlocutory appeal from a District Court, holding that, "[e]xtending the certification process to questions arising out of cases pending in the United States District Courts would create an obvious potential for burdening this court in a manner not contemplated by the Congress."); *accord 3307 M St. Partners v. Commonwealth Land Title Ins. Co.*, 782 F. Supp. 4, 6 (D.D.C. 1992) ("Even were this Court to decide the controlling questions of law and allow an interlocutory appeal for the Circuit Court then to determine whether to seek a decision from the District of Columbia Court of Appeals, it is not clear that the District of Columbia Court of Appeals would agree, in its discretion, to entertain any questions so certified.").

552002.1            4

## **CERTIFICATE OF SERVICE**

__X__ (CM/ECF) The document was electronically served on the parties to this action via the mandatory United States Bankruptcy Court of California CM/ECF system upon filing of above described document.

____ (ELECTRONIC MAIL SERVICE) By electronic mail (e-mail) the above listed document(s) without error to the email address(es) set forth below on this date.

____ (UNITED STATES MAIL) By depositing a copy of the above-referenced documents for mailing in the United States Mail, first class postage prepaid, at Houston, Texas, to the parties listed on the Service List attached hereto, at their last known mailing addresses, on this date.

____ (OVERNIGHT COURIER) By depositing a true and correct copy of the above referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

____ (COURIER SERVICE) By providing true and correct copies of the above referenced documents [with copies of the supporting detailed invoices/attorney time records for the Final Fee Application] via courier delivery, to the following on or about _____:

____ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those people listed on the attached service list, on the date above written.

                                       */s/ Andrew B. Ryan*
                                       Andrew B. Ryan